Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SUZANNE B. CONLON | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 0084 | **DATE** | 3-19-2013 |
| **CASE TITLE** | Jose Medrano (#A-51233) vs. Dr. Ghosh, et al. | | |

**DOCKET ENTRY TEXT:**

The amended complaint is dismissed, without prejudice. The plaintiff is granted until April 19, 2013, to submit a second amended complaint (plus a judge's copy and service copies) containing a clear list of Stateville defendants. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions for filing along with a copy of this order. Failure to submit a second amended complaint by ~~February~~ April 19, 2013, will result in summary dismissal of this case.

*Suzanne B. Conlon*

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials and health care providers at the Stateville Correctional Center, have violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that he has received inadequate care and treatment for his back problems (spinal stenosis, bulging disc, and degenerative joint disease), shoulder problems, and wrist problems (carpal tunnel syndrome).

By Minute Order of January 9, 1013, the court granted the plaintiff's motion for leave to proceed *in forma pauperis* but directed him to submit an amended complaint limited to Stateville defendants. The plaintiff has belatedly submitted an amended complaint as directed; however, it is unclear precisely who the defendants are. The plaintiff provides conflicting lists of defendants in two different sections of his amended complaint.

On the court's own motion, the plaintiff is granted until April 19, 2013, to submit a second amended complaint on the court's required form. The caption of the amended complaint and the "parties" section of the complaint must list identical defendants. The plaintiff must write both the case number and the judge's name on **(CONTINUED)**

| | mjm |
|---|---|

| STATEMENT (continued) |
|---|

the second amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the second amended complaint.

The plaintiff is cautioned that an amended complaint supersedes prior pleadings and must stand complete on its own. Therefore, all allegations the plaintiff wishes the court to consider must be set forth in the second amended complaint, without reference to the original or first amended complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the second amended complaint must be attached, and each copy of the second amended complaint must include complete copies of any and all exhibits.

The plaintiff is encouraged to conduct some basic legal research prior to drafting his second amended complaint. The court questions whether the plaintiff has a viable cause of action against grievance officials. Illinois' statutory grievance procedures do not create a protected interest. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Walton v. Illinois Dept. of Corrections*, No. 12 C 9220, 2012 WL 6755093, *3 (N.D. Ill. Dec. 28, 2012) (Coleman, J.). The court recognizes that a supervisory official may learn of a constitutional violation by way of a grievance, and may become personally involved by ignoring such grievances. *See Santiago v. Walls*, 599 F.3d 749, 758-59 (7th Cir. 2010); *see also Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). "[N]onmedical officials can 'be chargeable with . . . deliberate indifference' where they have 'a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner.'" *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011), quoting *Hayes v. Snyder*, 546 F.3d 516, 525 (7th Cir. 2008). "Non-medical defendants cannot simply ignore an inmate's plight." *Arnett*, 658 F.3d at 755.

Nevertheless, correctional officials are generally shielded from liability where–as here–a plaintiff is receiving ongoing care from health care professionals. *See, e.g., Johnson v. Snyder*, 444 F.3d 579, 586 (7th Cir. 2006) (fact that plaintiff's medical needs were being addressed by the medical staff insulated the warden from liability); *contrast Reed v. McBride*, 178 F.3d 849, 854-56 (7th Cir. 1999) (warden was required to act where officials allegedly denied an inmate life-sustaining medication and food). "The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Correctional officials may properly rely on the health care staff to assess an inmate's needs and to provide appropriate care and treatment. The plaintiff may therefore wish to drop grievance officials as defendants, and focus only on those directly responsible for his health care management.

The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If the plaintiff fails to comply by April 19, 2013, the case will be summarily dismissed.

*Suzanne B. Conlon*