Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SUZANNE B. CONLON | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 0084 | **DATE** | 5-28-13 |
| **CASE TITLE** | Jose Medrano (#A-51233) vs. Dr. Ghosh, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff may proceed on his second amended complaint. However, on the court's own motion, Salvador Godinez, Louis Schicker, Jackie Miller, and Wexford Health Sources, Inc., are dismissed as defendants on preliminary review pursuant to 28 U.S.C. § 1915A. In addition, the plaintiff's claims for injunctive relief are dismissed as moot in light of his transfer to another facility. The clerk is directed to: (1) reopen this case; (2) file the second amended complaint; (3) terminate Louis Shicker, A. Tilden, S. Malone, and Sharon Simpson pursuant to the second amended complaint, Fed. R. Civ. P. 15 and/or 28 U.S.C. § 1915A; (4) issue summonses for service on defendants Parthasarathi Ghosh and Charles Fasano by the U.S. Marshal; and (5) send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials and health care providers at the Stateville Correctional Center, violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that he received inadequate care and treatment for his back problems (spinal stenosis, bulging disc, and degenerative joint disease), shoulder problems, and wrist problems (carpal tunnel syndrome). The plaintiff has submitted a second amended complaint as directed. *See* Minute Orders of March 19, 2013, and April 16, 2013.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the second amended complaint. Here, accepting the plaintiff's allegations as true, the court finds that the second amended complaint articulates a colorable federal cause of action against defendants Ghosh and Fasano. Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Fields v. Smith*, 653 F.3d 550, 554 (7th Cir. 2011). The fact that a prisoner received **some** medical treatment does not necessarily defeat his claim; deliberate indifference to a **(CONTINUED)**

mjm

serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (emphasis in original), or by "woefully inadequate action" as well as by no action at all. *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999).

It should be noted that neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010); *Estelle*, 429 U.S. at 106; *Greeno*, 414 F.3d at 653. Nevertheless, the plaintiff's allegations of deliberate indifference to his pain and disregard of strong recommendations by specialists state an arguable claim. While a more fully developed record may belie the plaintiff's allegations, defendants Ghosh and Fasano must respond to the second amended complaint.

However, the second amended complaint is dismissed as to all other defendants. First, as the court previously advised the plaintiff, Illinois' statutory grievance procedures do not create a protected interest. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Walton v. Illinois Dept. of Corrections*, No. 12 C 9220, 2012 WL 6755093, *3 (N.D. Ill. Dec. 28, 2012) (Coleman, J.). Furthermore, Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).

Where–as here–the plaintiff was receiving ongoing care from health care professionals, correctional administrators cannot be held liable even though the plaintiff was dissatisfied with the quality of his care. *See, e.g., Johnson v. Snyder*, 444 F.3d 579, 586 (7th Cir. 2006) (fact that plaintiff's medical needs were being addressed by the medical staff insulated the warden from liability); *contrast Reed v. McBride*, 178 F.3d 849, 854-56 (7th Cir. 1999) (warden was required to act where officials allegedly denied an inmate life-sustaining medication and food). "The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Correctional officials may properly rely on the health care staff to assess an inmate's needs and to provide appropriate care and treatment.

For the same reasons, Wexford Health Sources, Inc., and its director are dismissed as defendants. In analyzing a section 1983 claim against a private corporation, the court uses the same principles that would be applied in examining claims against a municipality. *Brown v. Ghosh*, No. 09 C 2542, 2010 WL 3893939, *8 (N.D. Ill. Sep. 28, 2010) (Feinerman, J.), citing *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). An inmate bringing a claim against a corporate entity for a violation of his constitutional rights must show that the corporation supports a "policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners." *Brown*, 2010 WL 3893939, at *8, quoting *Woodward v. Corr. Med. Servs.*
**(CONTINUED)**

## STATEMENT (continued)

*of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (in turn quoting *Estate of Novack ex rel. v. County of Wood*, 226 F.3d 525, 530 (7th Cir. 2000) (a corporate defendant violates an inmate's rights "if it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners")). Because liability is not premised upon the theory of vicarious liability, the corporate policy "must be the 'direct cause' or 'moving force' behind the constitutional violation." *Ibid.* In the case at bar, the plaintiff has alleged no facts whatsoever that suggest an inadequate treatment "policy" on the part of Wexford or its director. The plaintiff may proceed against only those individuals who were personally and directly responsible for his medical treatment.

In addition, the plaintiff's requests for injunctive relief are dismissed as moot. If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996); *Young v. Lane*, 922 F.2d 370, 373 (7th Cir. 1991).

The clerk shall issue summonses forthwith. The United States Marshals Service is appointed to serve defendants Ghosh and Fasano. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. If either defendant can no longer be found at the work address provided by the plaintiff, the Illinois Department of Corrections and/or Wexford Health Sources, Inc., shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to send a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

*Suzanne B. Conlon*